**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| HUGO RIBOT,<br><br>            Plaintiff,<br><br>    v.<br><br>CHRISTOPHER SMITH, et al.,<br><br>            Defendants. | No.  2:19-CV-1361-JAM-DMC-P<br><br><br>FINDINGS AND RECOMMENDATIONS |

Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983.  Pending before the court is plaintiff's complaint (ECF No. 1).

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b)(1), (2). Moreover, the Federal Rules of Civil Procedure require that complaints contain a ". . . short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This means that claims must be stated simply, concisely, and directly. See McHenry v. Renne, 84 F.3d 1172, 1177 (9th Cir. 1996) (referring to Fed. R. Civ. P. 8(e)(1)). These rules are satisfied if the complaint gives the defendant fair notice of the plaintiff's claim and the grounds upon which it

rests. See Kimes v. Stone, 84 F.3d 1121, 1129 (9th Cir. 1996). Because plaintiff must allege with at least some degree of particularity overt acts by specific defendants which support the claims, vague and conclusory allegations fail to satisfy this standard. Additionally, it is impossible for the court to conduct the screening required by law when the allegations are vague and conclusory.

## I. PLAINTIFF'S ALLEGATIONS

Plaintiff Hugo Ribot names the following as defendants: Christopher Smith, W. Vaughn, James Chau, Kabir Matharn, Jalal Soltanian, Robert Rudas, Stephen Tseng, Dr. Kirsch, and Gregory C. Tesluk.

Plaintiff is a prisoner at Mule Creek State Prison (MCSP) located in Ione, California. Plaintiff alleges that on October 30, 2017, his physician, Dr. Gregory C. Tesluk, notified Dr. Christopher Smith, Chief Medical Officer for MSCP, that Plaintiff was suffering from serious cases of glaucoma and macular edema in his left eye. According to plaintiff, the severity of these conditions was immediately communicated to both Smith and the MCSP medical staff. Tesluk promptly requested an opportunity to see plaintiff but was not granted permission to see plaintiff until years later.

As a result of the above occurrences, plaintiff claims to have suffered physical pain and the loss of his vision. Plaintiff alleges that the conduct of the defendants amounts to deprivation of his 8th Amendment rights.

## II. DISCUSSION

On October 4, 2019, the Court issued a screening order evaluating plaintiff's claims. See ECF No. 10. Therein the Court found both cognizable and non-cognizable claims. Plaintiff was instructed to either submit an amended complaint or else have findings and recommendations issued on his original complaint. However, no amended complaint was filed.

/ / /

/ / /

/ / /

As to the non-cognizable claims, the Court stated:

> The Court finds service as to defendant Christopher Smith appropriate. The complaint adequately states facts to allege an 8th Amendment claim against Smith, based on allegations of deliberate indifference in his role as the prison's Chief Medical Officer.
>
> The Court, however, finds allegations against defendants W. Vaughn, James Chau, Kabir Matharn, Jalal Soltanian, Robert Rudas, Stephen Tseng, Dr. Kirsch, and Gregory C. Tesluk insufficient for lack of facts linking their conduct to the deprivation of plaintiff's rights.
>
> To state a claim under 42 U.S.C. § 1983, the plaintiff must allege an actual connection or link between the actions of the named defendants and the alleged deprivations. See Monell v. Dep't of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982). Rather, the plaintiff must set forth specific facts as to each individual defendant's causal role in the alleged constitutional deprivation. See Leer v. Murphy, 844 F.2d 628, 634 (9th Cir. 1988).
>
> As to defendants W. Vaughn, James Chau, Kabir Matharn, Jalal Soltanian, Robert Rudas, Stephen Tseng, and Dr. Kirsch, plaintiff has failed to articulate any actual connection between their conduct and the alleged deprivation of his rights. Beyond identifying these defendants as health care professionals within the prison, plaintiff has completely omitted these parties from his complaint. There is no reference to any of these named parties in the plaintiff's factual allegations and the complaint is silent as to their association with his claims.
>
> As to defendant Gregory C. Tesluk, Plaintiff has similarly failed to allege a link between the defendant's actions and the alleged deprivations.
>
> Deliberate indifference to a prisoner's serious illness or injury, or risks of serious injury or illness, gives rise to a claim under the Eighth Amendment. See Estelle, 429 U.S. at 105; see also Farmer, 511 U.S. at 837. The complete denial of medical attention may constitute deliberate indifference. See Toussaint v. McCarthy, 801 F.2d 1080, 1111 (9th Cir. 1986). Delay in providing medical treatment, or interference with medical treatment, may also constitute deliberate indifference. See Lopez, 203 F.3d at 1131. Where delay is alleged, however, the prisoner must also demonstrate that the delay led to further injury. See McGuckin, 974 F.2d at 1060. Negligence in diagnosing or treating a medical condition does not, however, give rise to a claim under the Eighth Amendment. See Estelle, 429 U.S. at 106.
>
> Plaintiff's 8th Amendment claim alleges deliberate indifference on the part of the medical personnel charged with his care. However, plaintiff has not stated facts which allege deliberate indifference on the part of Tesluk. No facts in plaintiff's complaint attempt to suggest that Tesluk delayed, denied, or otherwise failed to provide medical treatment in anyway. Unlike his claim against defendant Christopher Smith, Plaintiff has failed to state facts which propose that Tesluk's

medical services were inadequate and thus deprived him of his rights.

ECF No. 10, pgs. 2-4.

The Court recommends dismissal of W. Vaughn, James Chau, Kabir Matharn, Jalal Soltanian, Robert Rudas, Stephen Tseng, Dr. Kirsch, and Gregory C. Tesluk for the reasons outlined above and based on plaintiff's election not to file an amended complaint.

### III. CONCLUSION

Based on the foregoing, the undersigned recommends that:

1. Service is appropriate as to plaintiff's 8th Amendment deliberate indifference claim against defendant Christopher Smith[1]; and

2. All other claims and defendants should be dismissed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 14 days after being served with these findings and recommendations, any party may file written objections with the court.  Responses to objections shall be filed within 14 days after service of objections.  Failure to file objections within the specified time may waive the right to appeal.  See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  June 17, 2020

_____
DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE

---

[1] The Court has directed e-service of process on defendant Christopher Smith through its March 31, 2020 service order. See ECF No. 17.