IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HUGO RIBOT,<br><br>    Plaintiff,<br><br>    v.<br><br>CHRISTOPHER SMITH, M.D., et al.,<br><br>    Defendants. | No. 2:19-CV-1361-JAM-DMC-P<br><br><br>ORDER |

       Plaintiff, a state prisoner proceeding pro se, brings this civil rights action under 42 U.S.C. § 1983. Pending before the Court is Plaintiff's motion to compel Defendants to produce medical records. ECF No. 27.

       Plaintiff specifically seeks an order compelling Defendants to disclose his prison medical record, including all of Plaintiff's grievances concerning his attempts to receive medical attention for the eye condition that is the subject of his complaint. Id. at 2; see ECF No. 1 at 3. Plaintiff does not contend that he served any written discovery request for the medical records upon Defendants or that Defendants failed to comply with any written discovery requests. ECF No. 27. The Court's scheduling order permitted the parties to conduct discovery until October 4, 2020. ECF No. 23 at 2. Plaintiff submitted his motion to compel on October 11, 2020. ECF No. 27 at 2. Defendants have not filed any opposition.

///

1    The purpose of discovery is to "remove surprise from trial preparation so the
2 parties can obtain evidence necessary to evaluate and resolve their dispute." United States v.
3 Chapman Univ., 245 F.R.D. 646, 648 (C.D. Cal. 2007) (quotation and citation omitted). Rule
4 26(b)(1) of the Federal Rules of Civil Procedure offers guidance on the scope of discovery
5 permitted:

> Parties may obtain discovery regarding any nonprivileged information that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

10 Fed. R. Civ. P. 26(b)(1).

11    Under Rule 37 of the Federal Rules of Civil Procedure, "a party seeking discovery
12 may move for an order compelling an answer, designation, production, or inspection." Fed. R.
13 Civ. P. 37(a)(3)(B). The court may order a party to provide further responses to an "evasive or
14 incomplete disclosure, answer, or response." Fed. R. Civ. P. 37(a)(4). "District courts have 'broad
15 discretion to manage discovery and to control the course of litigation under Federal Rule of Civil
16 Procedure 16.'" Hunt v. County of Orange, 672 F.3d 606, 616 (9th Cir. 2012) (quoting Avila v.
17 Willits Envtl. Remediation Trust, 633 F.3d 828, 833 (9th Cir. 2011)).

18    The party moving to compel bears the burden of informing the Court (1) which
19 discovery requests are the subject of the motion to compel, (2) which of the responses are
20 disputed, (3) why the party believes the response is deficient, (4) why any objections are not
21 justified, and (5) why the information sought through discovery is relevant to the prosecution of
22 this action. McCoy v. Ramirez, No. 1:13-cv-1808-MJS (PC), 2016 U.S. Dist. LEXIS 75435, 2016
23 WL 3196738, at *1 (E.D. Cal. June 9, 2016); Ellis v. Cambra, No. 1:02-cv-5646-AWI-SMS PC,
24 2008 U.S. Dist. LEXIS 24418, 2008 WL 860523, at *4 (E.D. Cal. Mar. 27, 2008).
25 ///
26 ///
27 ///
28 ///

1  Plaintiff has not met the burden of showing that an order compelling discovery is
2  required. Plaintiff does not contend that he ever served discovery requests upon Defendants, let
3  alone that Defendants have incompletely responded or otherwise been evasive during discovery.
4  See ECF No. 27 at 1–2. Without additional information as to why Defendant's responses or
5  productions are deficient, the Court finds that an order compelling discovery is unwarranted.
6  Plaintiff's motion to compel is **DENIED**.

IT IS SO ORDERED.

Dated: January 7, 2021

_____
DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE