**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| HUGO RIBOT, | No. 2:19-CV-1361-JAM-DMC-P |
| Plaintiff, | |
| v. | ORDER |
| CHRISTOPHER SMITH, M.D., et al., | |
| Defendants. | |

Plaintiff, a prisoner proceeding pro se, brings this civil rights action under 42 U.S.C. § 1983. Before the Court is Defendant Christopher Smith's motion to compel. ECF No. 28. Plaintiff has not filed a response and the time to do so has expired. See L.R. 230(l). Defendant Smith has also filed a motion for summary judgment that the Court will address separately, as ordered below. See ECF No. 29.

Plaintiff's present § 1983 action against Defendant Smith and others concerns alleged deliberate indifference to his eye conditions in violation of the Eighth Amendment to the United States Constitution. See ECF No. 1. Discovery proceeded on Plaintiff's complaint and Defendant Smith's answer. The Court's June 12, 2020, discovery and scheduling order provided 45 days for the parties to respond to written discovery requests. ECF No. 23 at 2. Defendant asserts that Plaintiff failed to respond to Defendant's first sets of requests for admission and interrogatories and requests for production. ECF No. 18-1 at 1–2. Defendant served the first sets

of discovery requests on Plaintiff on June 30, 2020. Id. at 2. Plaintiff's response was thus due 45 days later, on August 25, 2020. Plaintiff did not respond even after Defendant's counsel sent a letter seeking responses to the first set of discovery requests. ECF No. 28-1 at 2. Defendant's counsel followed up with Plaintiff via telephone. Id. Plaintiff refused to respond to Defendant's discovery request absent an order from the Court. Id. Defendant's requested discovery sought documents and information relating to Plaintiff's alleged eye conditions, any treatment that Defendant Smith provided, and other treatment Plaintiff received from other prison officials. See ECF No. 28-3 at 3. Defendant contends the requested discovery is relevant because it addressed the allegations and subject matter of the complaint. See ECF No. 28-1 at 3–4.

The purpose of discovery is to "remove surprise from trial preparation so the parties can obtain evidence necessary to evaluate and resolve their dispute." United States v. Chapman Univ., 245 F.R.D. 646, 648 (C.D. Cal. 2007) (quotation and citation omitted). Rule 26(b)(1) of the Federal Rules of Civil Procedure offers guidance on the scope of discovery permitted:

> Parties may obtain discovery regarding any nonprivileged information that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P. 26(b)(1).

Under Rule 37 of the Federal Rules of Civil Procedure, "a party seeking discovery may move for an order compelling an answer, designation, production, or inspection." Fed. R. Civ. P. 37(a)(3)(B). The court may order a party to provide further responses to an "evasive or incomplete disclosure, answer, or response." Fed. R. Civ. P. 37(a)(4). "District courts have 'broad discretion to manage discovery and to control the course of litigation under Federal Rule of Civil Procedure 16.'" Hunt v. County of Orange, 672 F.3d 606, 616 (9th Cir. 2012) (quoting Avila v. Willits Envtl. Remediation Trust, 633 F.3d 828, 833 (9th Cir. 2011)).

///

///

The party moving to compel bears the burden of informing the court (1) which discovery requests are the subject of the motion to compel, (2) which of the responses are disputed, (3) why the party believes the response is deficient, (4) why any objections are not justified, and (5) why the information sought through discovery is relevant to the prosecution of this action. McCoy v. Ramirez, No. 1:13-cv-1808-MJS (PC), 2016 U.S. Dist. LEXIS 75435, 2016 WL 3196738, at *1 (E.D. Cal. June 9, 2016); Ellis v. Cambra, No. 1:02-cv-5646-AWI-SMS PC, 2008 U.S. Dist. LEXIS 24418, 2008 WL 860523, at *4 (E.D. Cal. Mar. 27, 2008).

"Relevance for purposes of discovery is defined very broadly." Garneau v. City of Seattle, 147 F.3d 802, 812 (9th Cir. 1998). "The party seeking to compel discovery has the burden of establishing that its request satisfies the relevancy requirements of Rule 26(b)(1). Thereafter, the party opposing discovery has the burden of showing that the discovery should be prohibited, and the burden of clarifying, explaining or supporting its objections." Bryant v. Ochoa, No. 07cv200 JM (PCL), 2009 U.S. Dist. LEXIS 42339, 2009 WL 1390794, at *1 (S.D. Cal. May 14, 2009) (internal citation omitted).

Defendant has met his burden. Defendant timely served discovery requests upon Plaintiff and conferred multiple times with Plaintiff to try and resolve this discovery dispute prior to filing a motion to compel. Moreover, Defendant's requested discovery is relevant. Plaintiff seeks damages for the alleged deliberate indifference of prison employees, including Defendant Smith, to Plaintiff's eye condition. Relevance encompasses a great deal. See Garneau, 147 F.3d at 812. Information is relevant to the subject matter of a case if it might reasonably assist a party in evaluating the case, preparing for trial, or enabling settlement. Id. Defendant's requests for admissions and interrogatories and requests for production easily meet that definition. Defendant Smith's requested discovery concerns Plaintiff's alleged eye condition and the allegedly deficient medical treatment Plaintiff received, including any treatment that Defendant Smith provided. Even if relevance were not defined as broadly as it is, Defendant's discovery requests would be relevant to Plaintiff's allegations. Defendant's single set each of requests for admissions and interrogatories and requests for production are also reasonable and not unduly burdensome.

///

Given Plaintiff's status as a prisoner and the Court's earlier order granting Plaintiff leave to proceed in forma pauperis, the Court does not order fees or costs. <u>See</u> Fed. R. Civ. P. 37(a)(5)(iii).

Accordingly, IT IS HEREBY ORDERED that:

1. Defendant's motion to compel (ECF No. 28) is **GRANTED**;

2. Plaintiff is ordered to respond to Defendant's first sets of requests for admission and interrogatories and requests for the production of documents within 30 days; and

3. Defendant may file an amended motion for summary judgment within 60 days or submit a notice that he stands by the original motion as filed.

Dated: January 7, 2021

DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE